UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


| | |
|---|---|
| JAMES M. WORTHEM, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   No. 1:08-cv-1373-SEB-TAB |
| | ) |
| EVERGREEN MOTOR LODGE, INC., | ) |
| | ) |
|     Defendants. | ) |

## Entry Discussing Motion for Summary
## Judgment of Evergreen Motor Lodge, Inc.

For the reasons explained in this Entry, the motion for summary judgment filed by Evergreen Motor Lodge, Inc., is **granted.**

## Discussion

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "A landowner's duty to an invitee while that invitee is on the premises is that of reasonable care." *Salima v. Scherwood South, Inc.* 38 F.3d 929, 931 (7th Cir. 1994) (citing *Burrell v. Meads,* 569 N.E.2d 637, 639 (Ind. 1991)). That is the duty the Evergreen Motor Lodge, Inc., doing business as the Super 8 Motel in Plainfield Indiana, owed plaintiff James Worthem as a registered guest of the Super 8 Motel on June 8, 2006.

"[A] hotel guest is at least the equivalent of a business invitee and, as such, is entitled to a duty of reasonable care for the guest's safety. *Ellis v. Luxbury Hotels, Inc.*, 716 N.E.2d 359, 360 (Ind.1999)(citing *Rocoff v. Lancella,* 251 N.E.2d 582, 585 (Ind.App.1969)). The duty of reasonable care in the setting such as presented here is this:

> landowners have no duty to insure invitee's safety, but to take reasonable precautions to prevent foreseeable criminal acts against invitees.

*Id.,* at 361 (citing *Delta Tau Delta v. Johnson,* 712 N.E.2d 968, 973 (Ind. 1999)). To determine whether a criminal act was foreseeable,

> a court must look to "all of the circumstances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents, to determine whether a criminal act was foreseeable." 712 N.E.2d 968, 972 (Ind.1999). "A substantial factor in the determination of duty is the number, nature, and location of prior similar incidents, but the lack of prior similar incidents will not preclude a claim where the landowner knew or should have known that the criminal act was foreseeable." *Id.* at 973.

*Id.,* at 360-61.

Worthem was a guest at the Super 8 Motel in Plainfield, Indiana, on June 7-8, 2006. During the early morning hours of June 8, 2006, attackers approached the door of his room and knocked. Worthem was in control of his room and could have refused to open his room door, which had functioning locks. However, Worthem unlocked and opened the door. The attackers then entered the room and attacked Worthem, causing significant injuries to him.

Evergreen Motor Lodge, Inc. ("Evergreen"), which owns and operates the Super 8 Motel in Plainfield, Indiana, does not have records of any injuries or incidents similar to that of Worthem's within the last ten years. Further, Evergreen is unaware of any similar incidents or crimes committed in the immediate vicinity of the Super 8. Worthem's alleged attackers did not check in at the desk or request Worthem's room number, and the Super 8's on-site personnel were not aware of the assailants' presence until after the attack occurred.[1]

Evergreen argues that the attack on Worthem was clearly unforeseeable. Evergreen has no records of any injuries or incidents similar to that alleged in Worthem's amended complaint that occurred at the Super 8 Motel within the last ten years. Further, Evergreen is unaware of any similar incidents or crimes committed in the immediate vicinity of the

---

[1] Worthem fails to designate any evidence of prior similar incidents at the motel or within its vicinity. Instead, he merely lists the types of businesses in the area and states that he will rely on expert testimony (which has not been produced) to provide this information. (Plaintiff's Response, P. 13). Further, he points to the fact that an incident report was not created following his alleged incident and again notes that Evergreen did not have any records, log books, or receipts for Midway Movers. (Plaintiff's Response, P. 13). These points are insufficient to establish a disputed material fact.

motel. Evergreen could not have reasonably foreseen that the individuals Worthem allowed to enter his room in the middle of the night would attack him. Worthem's alleged attacker did not check in at the desk or request Worthem's room number from the front desk. Evergreen simply did not have any suspicion that Worthem may be in danger.

In response, Worthem argues that the attack was reasonably foreseeable because the Super 8 had inadequate security measures. He states that the attack was foreseeable because the Super 8 lacked security cameras, security patrols and its employees were young and unable to handle emergency situations. Worthem does not explain how or why these alleged deficiencies have any bearing on the question of whether the assault against him was reasonably foreseeable.

The "totality of circumstances" surrounding the alleged incident shows that Evergreen lacked any duty to protect Worthem from the attack because it was clearly unforeseeable. Evergreen offers undisputed evidence that it has no record of similar incidents at the motel and that Worthem opened his motel room door, which allowed the attackers to enter his room. For these reasons, Evergreen could not have reasonably foreseen that the individuals Worthem allowed to enter his room would attack him. Even if the Super 8 Motel could have instituted the additional security measures suggested by Worthem, a review of the totality of the circumstances still does not create a duty on the part of Evergreen.

Evergreen's motion for summary judgment (dkt 76) is **granted.** Judgment consistent with this Entry and with the Entry of November 8, 2010, shall now issue.

**IT IS SO ORDERED.**

Date: 11/10/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana